# IN THE UNITED STATES DISTRICT COURT OR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN JERAMEN ROVIRA MEDINA<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA<br><br>JAMES YEAGER, Individually and in his Official Capacity as a Police Officer for the City of Philadelphia's Police Department<br><br>JOHN DOES 1-10<br><br>        Defendants | Civil Action<br><br>No 19-5092 |

## FIRST AMENDED COMPLAINT

Plaintiff, Kevin Medina, by and through his attorneys, the Quinn Law Group, LLC, hereby submits the following Complaint against Defendants, and in support thereof, avers as follows:

### I.  PRELIMINARY STATEMENT

1. Plaintiff brings this action under 42 U.S.C. § 1983 seeking redress for the extraordinary misconduct of Philadelphia City Police Officer James Yeager, and the City of Philadelphia, as Officer Yeager abused his authority as a police officer and caused the Plaintiff to be physically assaulted, falsely arrested and otherwise violated Plaintiff's rights under 42 U.S.C. § 1983.

2. The actions and conduct of the Defendant Officer named herein were the direct result of reckless and unconstitutional policies, practices and/or customs established and enforced by the City of Philadelphia's Police Department, including the failure to train, supervise and/or

1

take appropriate and proper disciplinary and remedial action against Philadelphia Police Officers, including the Defendant Officer named herein. Defendant, City of Philadelphia's policies, practices and/or customs showed deliberate indifference to the constitutional rights of citizens, including Plaintiff herein, and failed to effectively safeguard citizens from official oppression at the hands of Philadelphia Police Officers, including the Defendant Officer named herein.

3. The facts as alleged below and treatment of Plaintiff by the City of Philadelphia evidence at least that the City of Philadelphia showed deliberate indifference to the protection of Plaintiff's rights and well-being while in custody of the City of Philadelphia.

## II.    JURISDICTION AND VENUE

4. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

5. Jurisdiction is proper for this matter under 42 Pa. Cons. Stat. § 931(a).

6. Venue is proper for this matter under Pa. R. Civ. P. 1006(a)(1).

7. This court as proper jurisdiction over both Plaintiff's state law as well as federal claims pursuant to the concurrent jurisdiction of state courts over all clams made under 42 U.S.C. § 1983.

## III.    PARTIES

8. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

9. Plaintiff, Kevin Medina [hereinafter, "Mr. Medina"], is an adult citizen of the Commonwealth of Pennsylvania, residing at 227 East Cambria Street, Philadelphia, Pennsylvania 19134.

10. Defendant, City of Philadelphia [hereinafter, "the City"], is a First-Class City under the laws of the Commonwealth of Pennsylvania, charged, in part, with governing its citizens, enforcing the laws of the Commonwealth, and maintaining the public peace through its Police Department, which operates as an administrative arm of the City.

11. Defendant, James Yeager [hereinafter, "Mr. Yeager"], is an adult citizen of the Commonwealth of Pennsylvania, residing at 812 Loney Street, Philadelphia, PA 19111.

12. At all times relevant and material to this Complaint, Mr. Yeager was an officer and employee with the City of Philadelphia Police Department.

13. John Does 1-10 (hereinafter "Doe Officers") are individuals who were, at all relevant times hereto, chiefs of police, officers, commanders and supervisors affiliated with and/or employed by the City of Philadelphia Police Department, and who were responsible for the hiring, training, monitoring and/or supervision of Defendant Officer Yeager's activities and conduct to ensure that Officer Yeager performed his duties diligently, conscientiously, ethically, and within the bound of the law and his oath of office, who were responsible for investigating, disciplining and/or discharging subordinate police officers who engaged in misconduct against citizens and/o who were responsible for the creation, administration, implementation and enforcement of constitutionally adequate policies, practices and procedures governing the conduct of subordinate police officers.

## IV.   RELEVANT FACTUAL ALLEGATIONS

14. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

15. At all times relevant and material to this Complaint, Mr. Yeager was on-duty as an officer and employee of the City of Philadelphia Police Department.

16. At all times relevant hereto, the above defendants were acting as duly authorized and ratified agents, employees, servants and/or representative of the City of Philadelphia's Police Department.

17. At all times relevant hereto, the above Defendants personally participated in the constitutional deprivations asserted herein.

18. At all times relevant hereto, the above Defendants were required to comply with federal and state laws and other written policies and procedures which prohibited police officers from engaging in official misconduct, including but not limited to the use of excessive force, subjecting citizens to false and unlawful detentions and arrests and malicious prosecution.

19. Suit is hereby brought against the above Defendants in their individual capacities and in their official capacities as employees of the City of Philadelphia's Police Department.

20. At all times relevant and material to this Complaint, Mr. Medina was homeless and receiving the help and support of residents living near Hope Park in the Kensington neighborhood of Philadelphia, Pennsylvania.

21. As a direct result of the constitutionally violative policies, procedures, customs, actions and/or omissions of the above Defendants, Plaintiff has suffered severe physical pain, suffering, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

22. On or about July 10, 2017, in the early morning hours, Mr. Medina was sleeping in a bed that he had set up outside of Hope Park.

23. At around 12:20 A.M., the group of City police officers, including Mr. Yeager, found Mr. Medina sleeping in his bed.

24. The police officers tried to move Mr. Medina from his bed.

25. Mr. Medina, in response to the police officers attempts to move him, started to run away.

26. The police officers chased after Mr. Medina.

27. Near the 200 block of East Elkhart Street, the officers caught up with Mr. Medina and attempted to arrest him.

28. The officers restrained Mr. Medina near the intersection of Ella Street and East Elkhart Street, near a blue, inflatable pool that neighbors had set up for the neighborhood children.

29. While lying on top of Mr. Medina, two officers placed handcuffs around his wrists and secured his arms in front of his body.

30. Mr. Yeager stood over the two officers handcuffing Mr. Medina, watching as they handcuffed him.

31. As Mr. Medina lay prostrate on the ground in handcuffs, Mr. Yeager grabbed him by the wrists, lifted him up into the air, and slammed his Mr. Medina's shirtless back into the pavement.

32. A gathered crowd of neighbors reacted with verbal outrage to Mr. Yeager's treatment of Mr. Medina.

33. Mr. Yeager began to back away from Mr. Medina as the neighbors voiced their disapproval.

34. As Mr. Medina lay on the ground, another officer began to check Mr. Medina's shorts.

35. Mr. Yeager then approached Mr. Medina again, grabbed his neck, and held it to the pavement while the other officer continued to search him.

36. Mr. Yeager then turned his attention to controlling the crowd.

37. With Mr. Medina immobilized, the police officers dragged Mr. Medina across the street toward a police cruiser.

38. The Defendant officers then hit Mr. Medina's head hit Mr. Medina head against the backside of the police cruiser, causing Mr. Medina to fall to the ground.

39. Then, with Mr. Medina lying on the pavement in handcuffs, in-between a blue inflatable pool and the police cruiser, Mr. Yeager approached Mr. Medina from behind the cruiser, and, using his police-issued baton, lifted Mr. Medina up off the ground, turned him around in the air, and slammed his body down into the side of the inflatable pool.

40. While another officer picked Mr. Medina up off the ground, Mr. Yeager helped the other officer throw Mr. Medina into the back seat of the police cruiser.

41. The police officers then transported Mr. Medina to receive medical treatment.

42. Mr. Medina suffered serious injuries as a result of the Defendants' actions and/or omissions, including, but not limited to a splenic laceration with intrasplenic hematoma and hemoperitoneum; fracture of spinous process of C-7 vertebra; fracture of left transverse L-3 vertebra; fracture of superomedial right scapula; fractures of left lateral seventh, eighth, ninth and tenth ribs; sequelae of splenic trauma; cervicalgia; cervical sprain and strain; thoracic spine pain; thoracic spine strain and sprain; lumbago; lumbar sprain and strain; scalp contusion of left posterior parietal region; and left temporal and zygomatic soft tissue swelling, among other injuries.

43. Additionally, as result of his injuries and experience, Mr. Medina continues to experience great mental anguish, distress, anxiety, depression, and limitations on his activities of daily life.

## COUNT ONE

### Plaintiff v. Defendants
### Violation of Constitutional Rights 42 U.S.C.§1983 – Excessive Force

44.     Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

45.     Plaintiff had a fundamental and well-established right to be secure in his person and free form unnecessary, unreasonable, unlawful and excessive police force, a right not to be physically harassed, threatened, intimidated exploited, assaulted and/or emotionally traumatized at the hands of Officer Yeager and John Does 1-10.

46.     Based on the circumstance surrounding the aforesaid incident, it was unreasonable, unlawful and unconstitutional for Officer Yeager to use excessive force against Plaintiff.

47.     Plaintiff's conduct did not pose any threat of harm to the police and there was no justification for the amount of force Officer Yeager applied to the Plaintiff.

48.     Officer Yeager abused the power and authority of his status as a police officer to effectuate the deprivation of Plaintiff's constitutional rights to be free from unnecessary, unlawful, unconstitutional, unreasonable use of excessive force.

49.     Officer Yeager's acts and omissions constituted deliberate indifference and callous disregard for Plaintiff's substantive due process rights to personal security ad bodily integrity and to be free from excessive force.

50.     Officer Yeager violated Plaintiff's right to personal security and bodily integrity, and to be free from excessive force, and caused Plaintiff to suffer the injuries, harm, losses and damages asserted herein.

51.     Officer Yeager's conduct was egregious and shocks the conscience.

52. The City of Philadelphia's policy and/or custom regarding arrest procedures was inadequate, unlawful and/or dangerous, causing Plaintiff's injuries.

53. The City of Philadelphia's policy and/or custom regarding detention of adults was inadequate, unlawful and/or dangerous, causing Plaintiff's injuries.

54. The City of Philadelphia's policies regarding the hiring and training of its police Officers causing Plaintiff's injuries and violating his constitutional rights.

55. The City of Philadelphia's policies and customs regarding the

WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand ($50,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

## COUNT TWO

### Plaintiff v. Defendants
### Assault

56. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

57. In committing the acts described above, Officer Yeager intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact.

58. In so acting, Mr. Yeager caused Mr. Medina to reasonably believe that Mr. Yeager had the apparent, present ability, and was probably going to, slam him into the pavement a second time.

59. The harm and injuries suffered by Plaintiff we a direct, foreseeable and proximate result of the wrongful acts, as described more fully above.

WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand ($50,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

## COUNT THREE

**Plaintiff v. Defendants**
**Battery**

60. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

61. As set forth above, Officer Yeager used unreasonable and excessive force against Plaintiff and intentionally acted to cause harm and/or offensive contact with an absolute disregard for the health, safety and welfare of Plaintiff.

62. Mr. Yeager acted intentionally toward Mr. Medina on July 10, 2017, as he among other actions:

   a. Grabbed Mr. Medina's handcuffed wrists, picked him up off the pavement, and slammed his body back into the pavement two times.

   b. Choked Mr. Medina as he lay on the pavement in handcuffs.

   c. Went out of his way to lift Mr. Medina up off the pavement with his baton, bear hugged him, twirled him around, and forcefully threw him into the pavement and an inflatable pool.

63. As set forth more fully in the paragraphs above, Mr. Yeager's intentional actions caused Mr. Medina to experience harmful and offensive contact.

WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand

($50,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

## COUNT FOUR

### Plaintiff v. Defendants
### False Imprisonment

64. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

65. In committing the acts described in the paragraphs above, Defendants acted with the intent to confine the Plaintiff unlawfully and against Plaintiff's will, in violation of his rights.

66. The harm suffered by Plaintiff was a direct, foreseeable and proximate result of the wrongful acts, as described more fully above.

WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand ($75,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

## COUNT FIVE

### Plaintiff v. Defendants
### Civil Conspiracy

67. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

68. Defendant Yeager and Defendant Doe Officers 1-10, acting in concert and conspiracy, committed acts described above in violation of Plaintiff's constitutional rights and against the laws of Pennsylvania.

69. The harm and injuries suffered by the Plaintiff were a direct, foreseeable and proximate result of the wrongful acts of Defendants, as described more fully above.

WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand ($50,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

### COUNT SIX

**Plaintiff v. Defendants**
**Intentional Infliction of Emotional Distress**

70. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

71. Through their extreme and outrageous unconstitutional policies, practices, customs and conduct, as more fully described above, which directly caused Plaintiff to be the victim of a violent and unjustified physical assault, an unlawful arrest, and unlawful detention, Defendants intentionally and recklessly caused Plaintiff to suffer severe emotional distress.

72. The harm suffered by Plaintiff was a direct, foreseeable and proximate result of the wrongful acts, as described more fully above and herein.

WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand ($50,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

### COUNT SEVEN

**Plaintiff v. Defendants**
**Reckless Misconduct**

73. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

74. Defendants had a non-delegable duty to exercise reasonable care in protecting the safety and welfare of citizens, in properly discharging their oath to protect and serve the citizenry with integrity and honor as police officers, in properly and respectfully interacting with members of the general public in accordance with policies and procedures adopted by the City of Philadelphia and/or its Police Department, in properly hiring, training, supervising and/or disciplining police officers, in creating and implementing proper and effective policies and procedures governing the conduct of police officers and in refraining from engaging in ay abuse of police power and authority or official oppression, including but not limited to the use of excessive force.

75. By engaging n such misconduct, Defendant acted unreasonably, unlawfully, wrongfully and/or recklessly, and breached the duties of care police officers and departments owed to Plaintiff.

76. As a direct and proximate result and cause of the reckless misconduct of the Defendants, Plaintiff suffered the injuries and harm as set forth herein.

WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand ($50,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

### **COUNT EIGHT**

**Plaintiff v. Defendants**
**42 U.S.C. §1983 Supervisory Liability**

77. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

78. Upon information and belief, the Doe Officers were chiefs of police, commanders and/or supervisors in Defendant Officers' chain of command who were responsible for hiring Defendant Officer Yeager and Doe Officers and/or their supervision, training and discipline while they were acting within the course and scope of their duties as Philadelphia Police Officers.

79. The violations of Plaintiff's constitutional rights to bodily integrity and personal security, to be free from excessive force and unlawful confinement and/or detention, as described above and herein, were caused by the Doe Officers and City of Philadelphia's failure to adequately and properly screen, hire, supervise, investigate, educate, control, train, discipline and/or discharge Defendant Yeager and by their deliberate indifference to prior complaints of questionable police behavior.

80. Upon information and belief, Defendant Yeager's misconduct toward Plaintiff was so obvious and open, and the risk of harm he posed to citizens so great, that the Doe Officers and City of Philadelphia's inaction to prevent ham to Plaintiff may be properly viewed as indicating their tolerance, acquiescence and/or tacit approval, acceptance and assent to Defendant Yeager's deprivations of Plaintiff's rights.

81. Upon information and belief, the Doe Officers and City of Philadelphia, acting with deliberate indifference to the health, safety and welfare of Plaintiff, utterly ignored the obvious need for more effective or different screening and hiring practices as well as the obvious need for more effective or different training, supervision, investigation or discipline practices of police officers, including:

    a. Intentionally and/or recklessly failing to properly screen Defendant Officers background and/or verify and re-verify the accuracy or veracity of their credentials and fitness to serve as Philadelphia Police Officers.

    b. Intentionally and/or recklessly failing to properly weigh, evaluate or assess negative or questionable information about Defendant Officers'

13

        backgrounds that should have alerted the Doe Defendants and City of Philadelphia that they were unfit to hold positions as Philadelphia Police Officers and that subsequent police misconduct would have been a plainly obvious consequence of the decision to hire or retained Defendant Yeager and Officers.

c. Intentionally and/or recklessly failing to preclude, prevent, restrain and/or stop Defendant Yeager and Defendant Officers from using, misusing and abusing their authority, status and position as Philadelphia Police Officers.

d. Intentionally and/or recklessly failing to properly oversee, supervise, monitor, investigate, train, control, curtail or restrain the actions of Defendant Yeager and Defendant Officer, when the Doe Defendants and City of Philadelphia knew, or should have known, from prior acts, incidents, observations, complaints and/or criticisms, either individually or collectively that Defendant Yeager and Defendant Officers were unfit to be Philadelphia Police Officers.

e. intentionally and/or recklessly failing to take appropriate and reasonable corrective measures to protect citizens against officers, despite having or possessing actual or constructive knowledge or notice of prior acts, incidents, observations, complaints and/or criticisms of official oppression and/or professionally inappropriate behavior directed toward citizens.

f. intentionally and/or recklessly failing to properly investigate Defendant Yeager and Officers' prior police misconduct.

g. intentionally and/or recklessly failing to recognize that Defendant Yeager and Defendant Officers posed a risk of harm to citizens and/or failing to intervene and prevent such harm from continuing to occur in the community.

h. intentionally and/or recklessly failing to properly train, supervise, monitor and/or control the actions and activities of Defendant Yeager and Defendant Officers exercising inappropriate conduct toward citizens, including the use of excessive force.

i. intentionally and/or recklessly failing to adequately investigate and remediate police misconduct prohibited by law and policy so as to foster a culture and climate that enabled, facilitated, and tacitly encouraged officer misconduct against citizens.

j. intentionally and/or recklessly failing to take prompt and effective steps to investigate credible complaints of police misconduct on the part of

                Defendant Yeager and Defendant Officers, end the misconduct, prevent its occurrence, and address its effects on the citizenry.

       k.     intentionally and/or recklessly failing to educate or train subordinate officers on policies and procedures regarding use of proper and reasonable force and/or proper and lawful arrests based on probable cause.

82.    Doe Officers' and the City of Philadelphia's failure to properly effectively screen, hire, train, re-train, monitor, supervise, investigate, discipline and/or discharge police officers with prior instances or patterns demonstrating improper police tactics, emotional or psychological instability, infractions and/or complaints of citizen or internal misconduct violated Plaintiff's constitutional rights, as described above and herein, and caused him to suffer the injuries, harms, losses and damages asserted herein.

83.    Doe Officers' and City of Philadelphia's conduct was egregious and shocked the conscience.

84.    The actions and/or inactions of the Doe Officers and the City of Philadelphia violated the clearly established and well-settled constitutional rights of the Plaintiff.

    WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand ($50,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

### COUNT NINE

**Plaintiff v. Defendants**
**Negligence**

85.  Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

15

86. Plaintiff sustained serious injuries and damages as a direct and proximate result of the negligence and carelessness of the Defendants, which consisted of the following:

   a. Having inadequate hiring and retention policies for City of Philadelphia police officers;

   b. Failing to ensure proper training of Philadelphia Police officers;

   c. Failing to institute and enforce appropriate policies to prevent Plaintiffs' incident and injuries/damages; and

   d. Failing to protect Plaintiff from harm while in Defendants' custody.

87. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff sustained serious injuries and Plaintiff sustained significant damages as set forth more fully above.

WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand ($50,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

### COUNT TEN

**Plaintiff v. Defendants**
**Vicarious Liability**

88. Plaintiff hereby incorporates by reference the allegations set forth in the above paragraphs as though said paragraphs were set forth more fully at length herein.

89. At all times relevant and material hereto, Defendant City of Philadelphia acted and/or failed to act by and through Defendant Yeager and John Does 1-10.

90. Defendant City of Philadelphia is vicariously liable or the above referenced actions

and omissions of Defendant Yeager and John Does 1-10.

91.     As a direct and proximate result of the actions and omissions described more fully above, Plaintiff has suffered the above described injuries, damages and harm, for which Defendant City of Philadelphia caused through the actions of its agents, employees, and/or servants and representatives.

WHEREFORE, Plaintiff demands judgment against Defendants, James Yeager, for compensatory damages and punitive damages in an amount in excess of Fifty-Thousand ($50,000.00) plus interest, costs of suit, delay damages, and/or any other relief deemed equitable and appropriate by the Court.

Respectfully submitted,

QUINN LAW GROUP, LLC

BY:     /s/ Sean E. Quinn
SEAN E. QUINN, ESQUIRE
Attorney for Plaintiff
1500 Market Street
Centre Square West - Suite 4000
Philadelphia, PA 19102
215-360-3666

DATE:   December 10, 2019