IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN JERAMEN ROVIRA MEDINA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, JAMES** | : | |
| **YEAGER, Individually and In His** | : | |
| **Official Capacity as a Police Officer for** | : | |
| **the City of Philadelphia's Police** | : | |
| **Department and JOHN DOES 1-10** | : | **NO. 19-5092** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                            **November 18, 2020**

      The defendant City of Philadelphia has moved for summary judgment on *Monell* claims against it in this § 1983 action alleging excessive force by police. It contends that plaintiff Kevin Jeramen Rovira Medina has not produced any evidence of a municipal custom or policy that caused his injuries. Medina does not disagree. Instead, he argues that he has not been able to complete discovery due to the COVID-19 pandemic and his inability to depose defendant James Yeager due to his pending criminal trial in state court on charges arising out of the arrest forming the basis of the excessive force claim.

      Because Medina has been prevented from conducting the discovery necessary to respond to the City's motion for summary judgment, we shall deny the motion without prejudice.

**Analysis**

      In his Amended Complaint, Medina asserted claims against the City for excessive force, supervisory liability, negligence and vicarious liability.[1] We dismissed the

---

[1] Pl.'s Am. Compl. at ¶¶ 7, 12-17 (ECF No. 9).

1

negligence count with prejudice.[2] Medina also asserted state law claims for assault, battery, false imprisonment, civil conspiracy, intentional infliction of emotional distress and reckless misconduct against Yeager and the other John Doe officers.[3]

The City argues that Medina cannot show that the alleged constitutional violations arising from his arrest resulted from a municipal custom or policy of deliberate indifference to citizens' rights.[4] It argues that Medina has not produced any evidence of a policy or custom.[5] He did not serve written discovery on the City or depose any City officials.[6] According to the City, Yeager acted in contravention of police department policies.[7] Medina has produced nothing to counter the City's position.

The City has represented that Yeager was fired as a result of his involvement in Medina's arrest and is facing criminal prosecution in the Court of Common Pleas for Philadelphia County.[8] *See Comm. v. Yeager*, CP-51-CR-0003501-2018 (Pa. Com. Pl. May 5, 2018). Neither the City nor Medina has advised that Yeager has or intends to invoke his Fifth Amendment privilege if noticed for deposition. However, we assume he will.

---

[2] January 22, 2020 Order (ECF No. 13).

[3] Pl.'s Am. Compl. at ¶¶ 8-12.

[4] Def.'s Mot. for Summ. J. at 6 (ECF No. 16).

[5] *Id.* at 6-7.

[6] *Id.* at 7.

[7] *Id.*

[8] *Id.* at 3.

Medina contends he was unable to complete discovery.[9] He claims the delay of Yeager's criminal trial due to the COVID-19 pandemic prevented him from deposing Yeager and the other officers on the scene who are expected to testify at Yeager's trial.[10] He also claims that the City has not turned over Yeager's personnel file.[11] Without this discovery, Medina argues, he cannot meaningfully respond to the City's motion for summary judgment.[12]

Under Federal Rule of Civil Procedure 56(d), if a non-movant shows by affidavit or declaration that he cannot present facts essential to justify his opposition to a motion for summary judgment, the court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Interpreting this rule, the Third Circuit held that a party requesting discovery in order to respond to a summary judgment motion must "submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Penn. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 139–40 (3d Cir. 1988)) (internal quotation marks omitted).

Requests for discovery under Rule 56(d) are routinely granted. *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (quoting *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 309–10 (3d Cir. 2011)). "This is particularly true when there are discovery

---

[9] Pl.'s Opp. to Def.'s Mot. for Summ. J. at 3 (ECF No. 17).

[10] *Id.* at 3-4.

[11] *Id.* at 4.

[12] *Id.*

3

requests outstanding or where relevant facts are under control of the party moving for summary judgment." *Id.* When discovery is incomplete and the discovery sought is material to the dispositive issues, a court should not grant summary judgment. *Id.*

Medina did not submit an affidavit or declaration to support his request to defer ruling on summary judgment. He does not specifically identify what efforts were made to get information nor what he needs in addition to Yeager's deposition to oppose summary judgment. But, the pending criminal action against Yeager in state court and the delays caused by the global coronavirus pandemic constitute "exceptional circumstances" that excuse Medina's lack of compliance with Rule 56(d). *See Hart v. City of Phila.*, 779 F. App'x 121, 128 (3d Cir. 2019) (citing *Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002)) ("While Hart did not file a Rule 56(d) affidavit or declaration, this is one of those 'exceptional circumstances' in which we may excuse Hart's failure to comply with the technical requirements of Rule 56(d).").

In response to the City's motion for summary judgment, Medina explains that he has not been able to take the depositions of Yeager or the other officers involved in his arrest because of Yeager's pending criminal trial on charges relating to the incident. This civil case and the criminal prosecution essentially involve the same factual allegations and the same conduct, implicating Yeager's Fifth Amendment privilege against self-incrimination. *Barker v. Kane*, 149 F. Supp. 3d 521, 529 (M.D. Pa. 2016) ("The risk of self-incrimination is greatest when significant overlap exists between civil and criminal matters and criminal charges have been filed against the defendant"). Yeager's pending criminal trial, delayed by extraordinary forces beyond the parties' control, renders him unavailable for a deposition. *See id.*; *Med. Inv. Co. v. Int'l Portfolio, Inc.*, No. 12-3569, 2014 WL

2452193, at *3 (E.D. Pa. May 30, 2014).[13] Furthermore, certain discoverable information, including Yeager's personnel file, has not been turned over by the City. *Shelton*, 775 F.3d at 568.

Medina's failure to submit a declaration or affidavit in support of his Rule 56(d) request is not fatal. His explanation for his inability to get necessary discovery that would have been included in a declaration or affidavit is in his opposition to the City's summary judgment motion. Because Medina has explained in his opposition why he lacks access to this information, we shall allow him additional time to conduct discovery so that he can oppose the City's motion. *Id.*; *Hart*, 775 F. App'x at 128–129 (citing *Radich v. Goode*, 886 F.2d 1391, 1393 (3d Cir. 1989)). However, we caution Medina that there is no impediment to his conducting discovery on the *Monell* claim despite Yeager's unavailability. He must proceed with depositions of those City officials whose testimony is relevant to the City's custom, policy and practice.

## Conclusion

The extraordinary circumstances of the COVID-19 pandemic and the parallel criminal matter pending in state court justify allowing Medina more time to complete discovery. Therefore, we shall deny the City's motion for summary judgment without prejudice.

---

[13] Yeager's pending criminal trial does not make non-charged police officers unavailable. Medina cannot rely on Yeager's pending trial as an excuse not to take their depositions.

5